UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE MEDICAL PROTECTIVE, COMPANY, | ) ) ) |
| Plaintiff(s), | ) ) |
| vs. | ) Case No. 4:06CV01639 ERW ) |
| JAMES E. BUBENIK, D.M.D., and JAMES, E. BUBENIK, D.M.D., P.C., | ) ) ) |
| Defendant(s). | ) ) |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Defendants' Motion to Join as Defendants Joseph C. Johnston, individually, and Mary Johnston, through her guardian, Joseph C. Johnston [doc. #11] and Motion to Intervene by Joseph C. Johnston and Mary Johnston, by and through her legal guardian Joseph C. Johnston [doc. #13].

## I. BACKGROUND

Joseph C. Johnston and Mary Johnston, through her guardian, Joseph C. Johnston ("state court plaintiffs") were awarded a judgment in state court against Defendants James E. Bubenik and James E. Bubenik, D.M.D., P.C. ("Defendants") for wrongful death. The Plaintiff, the Medical Protective Company ("Plaintiff"), had a contract with the Defendants to provide malpractice insurance. The Plaintiff is seeking a declaratory judgment in this Court, that they are not responsible under the insurance contract to pay the state court judgment awarded to the state court plaintiffs. The Defendants seek to join the state court plaintiffs as defendants to the pending action, as their interests will be effected by the outcome of this suit. The state court plaintiffs are

1

seeking to protect their interest in the insurance policy by intervening as a party to the present action. The Plaintiff has not opposed either motion.

## II. STANDARD

Federal Rule of Civil Procedure 19(a) provides that

> [a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence (I) may as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a). The federal rules also allow for a party to intervene in an action as a matter of right "when the applicant claims an interest relating to the property of transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24(a).

## III. DISCUSSION

It is undisputed that joining the state court plaintiffs will not destroy diversity of citizenship, and therefore will not deprive the Court of subject matter jurisdiction. *See* Fed. R. Civ. P. 19(a). Additionally, the state court plaintiffs are subject to service of process in the Eastern District of Missouri. *Id.* The Defendants argue that joinder is proper because the state court plaintiffs have an interest in the insurance policy which is the subject of the pending action, and as a practical matter the state court plaintiffs may not be able to recover their state court judgment if this Court issues a declaratory judgment in favor of the Plaintiffs. The state court plaintiffs have an interest in the pending action as they seek to benefit from the insurance coverage

provided by the insurance policy at issue in the pending declaratory judgment action, and their interest in that policy will be impeded if they are not joined as defendants. Therefore this Court concludes that joinder of the state court plaintiffs is proper under Rule 19(a). As Defendants' motion for joinder is granted it is unnecessary to address the state court plaintiff's motion to intervene.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Join as Defendants Joseph C. Johnston, individually, and Mary Johnston, through her guardian, Joseph C. Johnston [doc. #11] is **GRANTED.** Joseph C. Johnston and Mary Johnston, through her guardian, Joseph C. Johnston shall be joined as Defendants in the above styled action.

**IT IS FURTHER ORDERED** that Motion to Intervene by Joseph C. Johnston and Mary Johnston, by and through her legal guardian Joseph C. Johnston [doc. #13] is **DENIED as Moot.**

Dated this 17th Day of January, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE