UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THE MEDICAL PROTECTIVE COMPANY, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV01639-ERW |
| | ) | |
| JAMES E. BUBENIK, D.M.D., et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff The Medical Protective Company's

Motion to Strike Defendants' Counterclaim and to Limit Defendants' Ability to Conduct

Discovery [doc. #24].

**I. BACKGROUND**

Plaintiff The Medical Protective Company (Plaintiff) filed suit against Defendants James E.

Bubenik, D.M.D. and James E. Bubenik, D.M.D., P.C. (collectively "Bubenik Defendants"), for a

declaratory judgment that the Bubenik Defendants materially breached the parties' professional

liability policy. The present declaratory judgment action stemmed from a state court action in

which the Bubenik Defendants were sued for malpractice by Joseph C. Johnston, individually, and

Mary Johnston through her guardian Joseph C. Johnston (collectively "Johnston Defendants"). A

jury found in favor of the Johnston Defendants and against the Bubenik Defendants. The

Johnston Defendants filed a motion to intervene as Defendants in the current action, which was

granted by this Court on January 17, 2007.

The Bubenik Defendants filed a counterclaim on December 4, 2006, seeking a declaratory judgment stating that Plaintiff is responsible for damages in the state court action under the terms of the policy, and damages for breach of fiduciary duty to settle within the liability insurance policy limits [doc. #10]. The Plaintiff then filed a Motion to Strike the Bubenik Defendants' Counterclaims, and to limit Discovery. The Motion to Strike relates only to the Bubenik Defendants' counterclaims, however, the Plaintiff seeks to limit discovery as to all Defendants, including the Johnston Defendants. This Court held a hearing on Plaintiff's Motion on April 26, 2007, at which time this Court requested a declaration by Defendant James E. Bubenik, D.M.D., that he would be acting on advice of counsel and asserting his Fifth Amendment privilege against self-incrimination. Defendant James E. Bubenik, D.M.D., filed a declaration to that effect on May 16, 2007, and therefore the Court will now rule Plaintiff's Motion.

## II. DISCUSSION[1]

The Plaintiff asserts that under Missouri law, a party who relies upon the Fifth Amendment privilege against self-incrimination in a civil action, is not entitled to any affirmative relief, therefore this Court should strike the Bubenik Defendants' Counterclaims. Furthermore, Plaintiffs assert that discovery by the Defendants should be limited to the subject of any denials or affirmative defenses. The Bubenik Defendants agree that generally discovery and counterclaims are limited as a result of the assertion of the Fifth Amendment privilege, but disagree that this Court should strike the Bubenik Defendants' Counterclaims. Rather, the Bubenik Defendants

---

[1]The case at bar is properly before this Court under this Court's diversity jurisdiction. Therefore, the Court will look to Missouri substantive law in ruling the pending motion, but Federal law to rule procedural issues. The question of the effect of the assertion of a party's Fifth Amendment privilege against self incrimination is a substantive question, and is therefore governed by Missouri law.

argue that the more appropriate course of action is to stay the counterclaims, until January 23, 2008, when the statute of limitations on the criminal action has run.

## A. TIMELINESS

The Bubenik Defendants first argument is that Plaintiff's Motion to Strike and to Limit Defendants Ability to Conduct Discovery was not filed in conformity with Federal Rule of Civil Procedure 12(f)[2] and should therefore be denied. Although the Plaintiff's motion was not filed in a timely manner under the terms of Rule 12(f), the Court has discretion to strike portions of the pleading on its own initiative. Fed. R. Civ. P. 12(f) ("or upon the court's own initiative at anytime"). Furthermore, the Defendant is not seeking to strike a portion of the pleadings for the reasons provided by Rule 12(f). As stated by the Missouri Supreme Court, the rule that a party asserting the Fifth Amendment privilege against self-incrimination cannot be afforded affirmative relief is based on the equitable principals of unclean hands. *Franklin v. Franklin*, 365 S.W.2d 483, 486 ("The latter requirement is neither more nor less than an application of the equitable doctrine of unclean hands. . .." (Internal citation omitted)). This Missouri substantive law relied on by the Plaintiff is an equitable remedy to prevent injury resulting from a party's assertion of the Fifth Amendment privilege against self-incrimination, and therefore is not subject to the time limitations imposed by Federal Rule 12(f).

---

[2]Federal Rule of Civil Procedure 12(f) states:

Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f).

### B. MOTION TO STRIKE[3]

Under Missouri Law it is a settled rule "that a party who asserts the Fifth Amendment privilege against self incrimination is not entitled to affirmative relief for himself or herself against other parties." *In re Marriage of Fellers*, 789 S.W.2d 153, 155 (Mo.Ct.App. 1990). The Missouri courts are quite clear that this limitation does not prohibit a party in a civil proceeding from asserting the privilege, only that "such an assertion is not without consequences." *Id.*; *see also Dodson v. Dodson*, 855 S.W.2d 383, 385 ("Although a party has the right to take the Fifth Amendment against self incrimination in a civil case, the right is not without its price."). The basis for this rule is found in a 1955 Missouri Supreme Court decision which states: "the law is that upon oral or written interrogatories being properly propounded to discover relevant and material facts peculiarly and exclusively within the knowledge of the party, his refusal to answer justifies striking his pleadings." *Franklin*, 283 S.W.2d at 486. The reason for this rule is to "promote fairness and ensure that a civil plaintiff is not able to obtain relief from a party and, at the same time, conceal from him relevant evidence." *In re Marriage of Fellers*, 789 S.W.2d at 155. This rule is limited to a plaintiff seeking affirmative relief, as the rule is intended to "prevent the party that asserts the privilege from gaining an unfair advantage. . . the rule is not to be applied where the defendant asserts the privilege." *Id.*

---

[3]In their responsive brief, the Bubenik Defendants' stated that Plaintiff's motion was based on an inaccurate premise, that as of the time of the filing of Plaintiff's motion, Defendant James E. Bubenik, D.M.D. had not asserted his Fifth Amendment privilege in the case at bar. This issue was addressed by the Court in the hearing upon this motion, at which time Defendant James E. Bubenik, D.M.D.'s criminal counsel stated that he had advised his client to assert his Fifth Amendment right, and subsequently, Defendant James E. Bubenik, D.M.D. submitted a declaration stating that he would rely upon the privilege. Therefore the Bubenik Defendants' second argument in opposition to Plaintiff's motion is moot.

The law is well settled that a plaintiff may not assert a claim and then rely upon his Fifth Amendment right against self incrimination to preclude the defendant from discovering material information. *See In re Marriage of Fellers*, 789 S.W.2d at 155. However, the Defendant James E. Bubenik seeks to assert the privilege, not the Plaintiff in this action. Again quoting *In re Marriage of Fellers*, "[i]t is something else again to require one who is in court involuntarily to elect between his constitutional privilege and the automatic entry of a judgment against him." 789 S.W.2d at 155. Although the absolute rules applicable to plaintiffs does not apply to defendants, "in most cases, the defendant's use of the privilege require[s] some form of judicial response of a remedial nature to prevent unfairness which may result from the concealment of relevant information." *Id.* at 156. Even when it is the defendant asserting the privilege, "the trial court has discretion to take action to prevent unfairness which may result from a party's invocation of the privilege." *Id.*

In oral argument before the Court, counsel for the Bubenik Defendants stated that the rule cited by the Plaintiff was correct, but that they had no choice but to assert the counterclaims, as they were compulsory under the federal rules, and therefore this Court should stay the counterclaims, rather than striking them. Specifically, Rule 13(a) states:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a). The Bubenik Defendants were correct in asserting their counterclaims, as they would be unable to bring them at a later time under the doctrine of res judicata, due to their compulsory nature. The rule requiring that the pleadings be struck is not absolute with regards to a defendant "dragged into court involuntarily." *In re Marriage of Fellers*, 789 S.W.2d at 156. In

light of the clear disadvantage to Plaintiff resulting from Defendant James E. Bubenik, D.M.D.'s stated intention to assert the Fifth Amendment privilege against self-incrimination, this Court does not believe that Defendant James E. Bubenik, D.M.D. should also be allowed to proceed with his counterclaims. However, since the Bubenik Defendants in this case did not initiate this Court proceeding, and were subsequently required under the federal rules to assert any claims that they had against the Plaintiff, it is not appropriate to strike those pleadings entirely. Therefore, the Court will stay the Bubenik Defendants' Counterclaims until January 23, 2008, when the risk of criminal prosecution has ended, and Defendant James E. Bubenik, D.M.D. can fully participate in discovery.

### C. MOTION TO LIMIT DISCOVERY

The Court must also address the Plaintiff's request to limit discovery as to all Defendants. Since the Court has determined that the Bubenik Defendants' Counterclaims will be stayed, it necessarily follows that discovery will be limited to the subject of Plaintiff's claims and Defendants' denials and affirmative defenses. *See e.g. State of Mo. ex rel Liberman*, *v. Goldman*, 781 S.W.2d 802, 807 (Mo.Ct.App. 1989) ("[T]he respondent did not exceed his jurisdiction in stating that where individual defendants assert the privilege against sel-incrimination said defendants will not be permitted to seek affirmative relief by cross or counter-claim, but did exceed his jurisdiction by ordering that the defendants would not be permitted to assert any affirmative defenses." (Internal quotation omitted)). As stated by the Missouri Court of Appeals, "[a] defendant, upon the assertion of his Constitutional privilege, should be able to utilize the discovery procedures only insofar as is necessary to defend the claim by way of denials or the assertion of affirmative defenses." *Id.* at 807. The Missouri Court of Appeals goes on to say that "[t]his limited use of discovery by way of defensive measures. . . compliments the rule that a

defendant asserting the privilege has the right to defend a claim. . .." *Id.* Discovery shall be limited to Defendants' denials and affirmative defenses.

A second issue regarding discovery that must be addressed by this Court, is the limitation of discovery as to the Johnston Defendants. The Plaintiff asserts that the Johnston Defendants must be limited in the same manner as the Bubenik Defendants in order to eliminate the undue advantage the Johnston Defendants have as long as Defendant James E. Bubenik, D.M.D. is allowed to assert the Fifth Amendment privilege. The Court notes that the Johnston Defendants' filed a short response to Plaintiff's Motion, stating no limitation on discovery is applicable to them as they have not asserted any counterclaims against the Plaintiff. The Johnston Defendants are correct that they would only be allowed to conduct discovery related to the claims asserted by the Plaintiff, and related to any denials or affirmative defenses. Although no specific order is needed to limit the Johnston Defendants, for the sake of clarity, discovery by all parties shall be limited to the Plaintiff's claims, and all Defendants' denials and affirmative defenses.

## III. CONCLUSION

This Court concludes that Plaintiffs' Motion to strike the Bubenik Defendants' Counterclaims is denied. In accordance with the principals enumerated by the Missouri Courts, it is appropriate to stay the adjudication of the Defendants' Counterclaims until the statute of limitations has run on the criminal investigation of Defendant James E. Bubenik. It is not necessary to strike the counterclaims asserted by the Defendant as under the Federal Rules the Bubenik Defendants were obligated to file those counterclaims in response to an action initiated by the Plaintiff; they did not voluntarily seek affirmative relief before this Court. Discovery will be also be limited in accordance with the limited scope of the pleadings.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike the Bubenik Defendants' Counterclaim [doc. #24] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Counterclaims are stayed, until January 23, 2008.

**IT IS FURTHER ORDERED** that discovery is limited to Plaintiff's Claims and the Defendants' denials and affirmative defenses; no discovery shall be taken regarding the Bubenik Defendants Counterclaims.

Dated this <u>22nd</u> Day of <u>May</u>, 2007.


E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE