UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE MEDICAL PROTECTIVE COMPANY, | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No. 4:06CV01639-ERW |
| JAMES E. BUBENIK, D.M.D., et al., | ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants James E. Bubenik, D.M.D. and James E. Bubenik D.M.D., P.C.'s Motion to Compel the Production of Documents [doc. #47], and Defendants James E. Bubenik, D.M.D., James E. Bubenik D.M.D., P.C., Joseph Clinton Johnston, and Joseph Clinton Johnston as legal guardian of Mary Johnston's Motion to Amend Scheduling Plan [doc. #51].

**I. BACKGROUND**

Plaintiff, The Medical Protective Company, filed suit against Defendants James E. Bubenik, D.M.D. and James E. Bubenik, D.M.D., P.C. (collectively "Bubenik Defendants") for a declaratory judgment that the Bubenik Defendants materially breached the parties' professional liability policy. The present declaratory judgment action stemmed from a state court action in which the Bubenik Defendants were sued for malpractice by Joseph C. Johnston, individually and Mary Johnston through her guardian Joseph C. Johnston (collectively "Johnston Defendants"). A jury found in favor of the Johnston Defendants in the underlying action, and against the Bubenik Defendants. The Johnston Defendants filed a motion to intervene in the action before this Court,

1

which was granted on January 17, 2007. The parties are currently pursuing discovery, subject to this Court's Case Management Order. The Bubenik Defendants' have filed a Motion to Compel the Production of Documents, and all Defendants have jointly filed a Motion to Amend the Case Management Order to allow Defendants additional time to identify an expert witness. The Court heard oral arguments on both motions on this date, and will now address both pending motions.

## II. MOTION TO COMPEL

The Court recognizes that the pending case raises a number of competing legal principles. The Bubenik Defendants argue that all of the documents, over which Plaintiff asserts privilege, are discoverable because of the relationship between Plaintiff and the Bubenik Defendants as Insurer-Insured. *See e.g. Grewell v. State Farm Mutual Auto Insurance Company*, 102 S.W.3d 33, 37 (Mo. 2003) ("[T]he Court does acknowledge an insured's right of access to his or her liability insurance claims file."). However, the Plaintiff raises a similarly compelling argument, that the relationship between Plaintiff and the Bubenik Defendants became adversarial when the Bubenik Defendants asserted the Fifth Amendment in the underlying malpractice action, and subsequently refused to cooperate with the Plaintiff; thereby rendering further communications and work-product protected from discovery. In recognizing these two competing interests, the Court believes that the most expeditious way of addressing the controversy is to review the disputed documents *in camera*. In reviewing the documents the Court can determine whether they involve the underlying malpractice action, or whether they involve communications between Plaintiff and Plaintiff's counsel regarding the Bubenik Defendants non-cooperation. Therefore Plaintiff has five (5) days to provide the Court with copies of the documents for its *in camera* review.

## III. MOTION TO AMEND

The Bubenik Defendants and the Johnston Defendants have jointly filed a motion to Amend the Case Management Order, to allow additional time to designate an expert witness. The original Case Management Order provided that Defendants designate an expert no later than August 17, 2007, and that the expert be made available for deposition, and depositions be completed no later than September 14, 2007. While the Court recognizes the importance of compliance with the dates set forth in the Case Management Order, there is no evidence that Defendants were acting with an intent to delay. The Johnston Defendants' Counsel testified during the hearing that the delay was caused by scheduling conflicts with a number of witnesses in the case. Therefore, Defendants Motion to Amend is granted, and Defendants shall have until September 30, 2007, to designate an expert witness. The Court expects that the parties will comply with the remainder of the Case Management Order, including the completion of all discovery by October 31, 2007.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall submit all disputed documents for *in camera* review within five (5) days, no later than September 17, 2007.

**IT IS FURTHER ORDERED** that Defendants' Joint Motion to Amend the Scheduling Plan [doc. #51] is **GRANTED**. Defendants shall have until September 30, 2007 to designate an expert witness.

Dated this 10th Day of September, 2007.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE