UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THE MEDICAL PROTECTIVE COMPANY, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV01639 ERW |
| | ) | |
| JAMES E BUBENIK, D.M.D., et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants James E. Bubenik, D.M.D., and James E. Bubenik D.M.D., P.C.'s Motion to Compel the Production of Documents [doc. #47].

**I. BACKGROUND**

On September 10, 2007, this Court entered an order requesting that the disputed documents be submitted to this Court for *in camera* review. The Court has reviewed the submitted documents, and will now rule on whether they are privileged. For the majority of the documents, little discussion is necessary, and the Court will simply list the document number and whether or not it is privileged. The documents requested are contained within two separate privilege logs; the Court will use the numbering contained within the privilege logs, keeping the two logs separate.

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 26 provides guidelines for discovery in civil cases. Specifically Rule 26(b) provides that "[p]arties may obtain discovery regarding any matter, not

1

privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b). The rule also places certain requirements on the party claiming the privilege.

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial-preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed. R. Civ. P. 26(b)(5)(A). "[I]t is the long established rule that confidential communications between an attorney and his client are absolutely privileged from disclosure against the will of the client." *Diversified Industries, Inc. v. Meradith*, 572 F.2d 596, 601 (8th Cir. 1977). A second rule, applicable to the case at bar, "is that information or materials assembled by or for a person in anticipation of litigation or in preparation for trial may be qualifiedly privileged from disclosure to an opposing party. That rule is known as the 'work product' rule . . . ." *Id.*

### III. DISCUSSION

There are a number of issues that the present motion to compel raises in regards to the applicability of the attorney-client privilege, and the work product doctrine. Specifically, a number of the documents withheld contain communications between two non-lawyers, in response to advice received from counsel; it is unclear whether these communications are privileged. Secondly, Defendants assert that regardless of the contents of the documents withheld, they are not subject to the attorney-client privilege, due to an exception where the parties involved in the litigation are in an insurer/insured relationship. Lastly, the Court is concerned with the specific facts of this case regarding Defendant Bubenik's assertion of the fifth amendment in the underlying malpractice action, and how this affects the asserted claims of privilege and work-product protection. The Court will address each of these issues briefly, prior to listing the rulings on each of the specific documents which were submitted for this Court's *in*

*camera* review. As an initial matter, the Court notes that all privileges are to be narrowly construed so as to avoid the suppression of otherwise competent evidence, *PepsiCo, Inc. v. Baird, Kurtz & Dobson LLP*, 305 F.3d 813, 816 (8th Cir. 2002), and that privileges are a matter of procedural, not substantive law, and therefore are governed by federal law. *Id.*

### A. Communications Between Non-lawyers

Many of the documents in question contain communications between two non-lawyers, about advice received from counsel. It is undisputed that attorney/client privilege applies to both individuals and corporations. *Commodity Futures Tranding Com'n v. Weintraub*, 471 U.S. 343, 348 (1985). However, unlike individuals, a corporation is an inanimate entity that can only act through its agents. *Id.* A corporation cannot speak directly to its lawyers, and therefore such actions must be taken by those empowered to act on behalf of the corporation. *Id.* The Second Circuit in *United States v. Bein*, held that "only communications between client and attorney are protected by the privilege, not discussions with non-lawyers concerning the same subject matter." 728 F.2d 107, 113 (2nd Cir. 1984). However, the specific facts of *Bein* are distinguishable. The conversation was between the client and his accountant, in which the accountant gave advice regarding the propriety of the client's action. *Id.* The case did not involve a discussion between two corporate representatives. The district court in *First Wisconsin Mortgage Trust v. First Wisconsin Corp.*, succinctly stated the law regarding communications between officers of a corporation created in response to requests from an attorney for information. 86 F.R.D. 160, 172 (Dist. Wisc. 1980). "Realistically a large corporation could hardly assist in its own defense without this kind of communication, and if the privilege as applied to corporations is to mean anything, such documents must be protected." *Id.*; *see also Barr Marine Products, Co., Inc. v. Borg-Warner Corp.*, 84 F.R.D. 631, 634 (Dist. Pa. 1979) ("[I]f one member of the control group

3

relays legal advice to another member the privilege is not lost."). The Court concludes that those documents which contain communications between corporate representatives who are non-lawyers, regarding advice received from an attorney, are subject to the attorney-client privilege.

### B. Insurer/Insured Relationship

Another key question that must be answered, before a determination can be made regarding the privileged status of the documents in question, is whether they were created in anticipation of litigation, such that the insured, the Bubenik Defendants, are not entitled to the documents. Generally, an insured is entitled to the claims file in the possession of an insurer. However, this question is complicated by the posture of the underlying Johnson matter, in which Dr. Bubenik took the fifth amendment.[1]

The Missouri Supreme Court has likened the insurer/insured relationship to that of attorney client. *Grewell v. State Farm Mutual Insurance Co., Inc.*, 102 S.W.3d 33, 36 (Mo. 2003) (The insurer/insured relationship, while admittedly and distinctly different, can be analogized to the relationship established between attorney and client.").[2] In the attorney-client relationship, the attorney's file belongs not to the attorney, but rather to the client whom he is representing. *Id.* at 37. The Missouri Supreme Court held that the same rule is applicable in the

---

[1]Dr. Bubenik continues to assert the Fifth Amendment protection against self-incrimination in the case before this Court. His cooperation with his insurance company is restricted by reliance on his Fifth Amendment Right.

[2]The Court recognizes Plaintiff's assertion that this case is inapplicable, as privileges are a matter of federal procedural law, not state law. *Diversified Industries*, 572 F.2d at 601. However, the Court disagrees that this renders the case inapplicable. The Court in *Grewell*, determined that the contents of an insured's claim file, belongs to the insured. The case does not address whether or not certain documents fall within the claim file, nor does it address when specific documents are subject to attorney client privilege or work product protection. Therefore, this Missouri substantive law, that the claims file is the property of the insured, is applicable, along with federal privilege law which is procedural.

4

context of the insurer/insured relationship. *Id.* The language the Missouri Supreme Court used is significant, as it specifically acknowledges communications between the insured and the insurer related to and concerned with their potential liability resulting from the automobile accident at issue. *Id.* "[T]hose communications became subject to an attorney/client type privilege. Once their relationship attained that protected status, any claims file that resulted belonged to Appellants [insured], and they should be provided free and open access to that file." *Id.* The Missouri Supreme Court did not discuss the assertion of attorney/client privilege to documents contained within the claims file, but rather the assertion of privilege was based on the work-product doctrine.

The second part of the equation that the Court must consider, is the effect of Dr. Bubenik's decision to take the Fifth Amendment. While the Court recognizes the clear Missouri rule that a claims file is the insured's, and not the insurer's, the Court does not believe that legal advice sought by the insurer regarding the non-cooperation of the insured is part of the insured's claims file. Those documents, over which the Plaintiff asserts attorney/client privilege, involve discussions with counsel, and between corporate representatives, regarding the Plaintiff's obligation to represent Defendant in the underlying malpractice actions. These documents are not part of the claims file, and therefore are not the property of the insured, and are protected by attorney-client privilege.

Lastly, the Court looks at when documents created by the Plaintiff were in anticipation of litigation, and therefore covered by the work-product doctrine. This presents a more difficult question of when documents are created in relation to the underlying malpractice action, and therefore part of the claims file, and when they are created in anticipation of litigation with the insured, and therefore subject to work-product protection. At some point during the civil case

5

involving Dr. Bubenik and the Johnston Defendants, the Plaintiff began to question whether they were responsible for the representation of Dr. Bubenik, due to Dr. Bubenik's failure to cooperate. As a general rule, the work-product doctrine protects documents created in anticipation of litigation. *PepsiCo, Inc.*, 305 F.3d at 817 ("In order to protect work product, the party seeking protection must show the materials were prepared in anticipation of litigation, i.e., because of the prospect of litigation.").

> The test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation. But the converse of this is that even though litigation is already in prospect, there is no work product immunity for documents prepared in the regular course of business rather than for purposes of litigation.

*St. Paul Reinsurance Company, Ltd. v. Commercial Financial Corp.*, 197 F.R.D. 620, 629 (N.D. Iowa 2000) (citing 8 Wright & Miller, Federal Practice and Procedure § 2024, at 198-199 (1970)). "An insurer's decision to decline coverage is typically the point at which the ordinary course of business ends and the anticipation of litigation begins." *Tudor Insurance Co. v. McKenna Associates*, 2003 WL 21488058, *3 (S.D.N.Y. 2003). The Iowa District Court in *St. Paul Reinsurance Company, Ltd.*, determined that the best approach to determining when a party's actions are in anticipation of litigation is to require "a case-by-case analysis, considering the unique factual context of the given problem." 197 F.R.D. at 632. The Court agrees with the Iowa court, and rejects a hard line approach to work-product immunity in these circumstances.

Plaintiff asserts that many of the withheld documents were created in anticipation of litigation regarding coverage, however, Plaintiff seeks to protect documents created before coverage was formally denied. Specifically, Plaintiff asserts that litigation was anticipated when they first hired outside counsel. The Court notes that none of the documents created with regards to the Jaudon case are subject to the work product doctrine, as they were not prepared in

6

anticipation of litigation. Although some of the documents related to the Jaudon case do reference concerns regarding Dr. Bubenik's assertion of his fifth amendment rights, Plaintiff did not deny coverage in that case, but rather settled the case on the Bubenik Defendants' behalf. These coverage concerns were in the nature of the ordinary course of business, not in anticipation of litigation. However, at some point during the Johnston case, the issue of coverage arose, eventually giving rise to the instant action questioning Plaintiff's obligation to represent and insure the Bubenik Defendants. While the retention of outside counsel is not dispositive of when litigation is anticipated, the Court finds that in the case at bar it indicates Plaintiff's intention to challenge coverage, and the beginning of an adversary relationship between the parties. *See e.g. Mission National Insurance Co. v. Lilly*, 112 F.R.D. 160 (D.Minn.1986) (Law firm hired to perform claims investigation was performing an ordinary business function, which at some point in time turned into the preparation in the event of trial). Plaintiff did not issue a reservation of rights letter until October, 2006, at which time, it clearly anticipated litigation, and therefore the use of this date would fail to protect documents that were created in anticipation of litigation. Any documents created by Plaintiff after Plaintiff had hired outside counsel to challenge the coverage of the Bubenik Defendants are protected by the work-product doctrine. In accordance with the documents produced, outside counsel was retained on May 23, 2006. Therefore documents which discuss coverage issues after this date are in anticipation of litigation, and are protected.[3]

**IV. First Amended Privilege Document Log**[4]

---

[3]Not all documents after this date will relate to the coverage question. Those documents which discuss the settlement or defense of Plaintiff in the underlying Johnston action are not protected as they are part of the claim file belonging to the Bubenik Defendants.

[4]Many of the Document numbers are repeated in the privilege log. This indicates a number of distinct e-mail messages which contain separate information that were part of an e-mail series. The Court has followed the format of the privilege log, and has reviewed each individual

| Document No. | Date Created | Document Type | Ruling |
|---|---|---|---|
| 00931-00932 | 10/10/06 | E-mail series | Attorney Client and Work Product |
| 00931-00932 | 10/09/06 | E-mail series | Attorney Client and Work Product |
| 00933 | 06/13/06 | E-mail series | Attorney Client and Work Product |
| 00933 | 06/13/06 | E-mail series | Attorney Client and Work Product |
| 00934-00943 | 06/13/06 | Letter | Attorney Client and Work Product |
| 00944-00950 | 06/27/06 | Letter | Attorney Client and Work Product |
| 00951-00952 | 07/21/06 | E-mail | Attorney Client and Work Product |
| 00953-00954 | 07/06/06 | E-mail series | Attorney Client and Work Product |
| 00953-00954 | 07/06/06 | E-mail series | Attorney Client and Work Product |
| 00955-00956 | 07/19/06 | E-mail series | Attorney Client and Work Product |
| 00955-00956 | 07/06/06 | E-mail series | Attorney Client and Work Product |
| 00955-00956 | 07/06/06 | E-mail series | Attorney Client and Work Product |
| 00957 | 08/10/08 | E-mail | Attorney Client and Work Product |
| 00958 | 08/14/06 | E-mail | Attorney Client and Work Product |
| 00959-00962 | 08/14/06 | E-mail series | Attorney Client and Work Product |
| 00959-00962 | 08/14/06 | E-mail series | Attorney Client and Work Product |
| 00963-00966 | 08/24/06 | E-mail series | Attorney Client and Work Product |
| 00963-00966 | 08/24/06 | E-mail series | Attorney Client and Work Product |
| 00963-00966 | 08/24/06 | E-mail series | Attorney Client and Work Product |
| 00963-00966 | 08/24/06 | E-mail series | Attorney Client and Work Product |
| 00963-00966 | 08/24/06 | E-mail series | Attorney Client and Work Product |
| 00963-00966 | 08/24/06 | E-mail series | Attorney Client and Work Product |
| 00963-00966 | 08/23/06 | E-mail series | Attorney Client and Work Product |
| 00967-00969 | 08/24/06 | E-mail series | Attorney Client and Work Product |
| 00967-00969 | 08/24/06 | E-mail series | Attorney Client and Work Product |

---

e-mail message contained within the document independently.

| Document No. | Date Created | Document Type | Ruling |
|---|---|---|---|
| 00967-00969 | 08/24/06 | E-mail series | Attorney Client and Work Product |
| 00967-00969 | 08/24/06 | E-mail series | Attorney Client and Work Product |
| 00967-00969 | 08/24/06 | E-mail series | Attorney Client and Work Product |
| 00967-00969 | 08/23/06 | E-mail series | Attorney Client and Work Product |
| 00970-00972 | 08/24/06 | E-mail series | Attorney Client and Work Product |
| 00970-00972 | 08/24/06 | E-mail series | Attorney Client and Work Product |
| 00973-00974 | 08/23/06 | E-mail series | Attorney Client and Work Product |
| 00975-00976 | 09/12/06 | E-mail series | Attorney Client and Work Product |
| 00975-00976 | 09/07/06 | E-mail series | Attorney Client and Work Product |
| 00977 | 09/05/06 | E-mail | Attorney Client and Work Product |
| 00978-00984 | 09/05/06 | Memorandum | Attorney Client and Work Product |
| 00985-00986 | 09/14/06 | E-mail | Attorney Client and Work Product |
| 00987 | 10/11/06 | E-mail | Not Privileged-Produce |
| 00988 | 10/10/06 | E-mail | Attorney Client and Work Product |
| 00989 | 10/09/06 | E-mail | Attorney Client and Work Product |
| 00990-00991 | 10/06/06 | E-mail series | Attorney Client and Work Product |
| 00990-00991 | 10/06/06 | E-mail series | Attorney Client and Work Product |
| 00992 | 10/06/06 | E-mail | Attorney Client and Work Product |
| 00993-00995 | 10/11/06 | E-mail | Attorney Client and Work Product |
| 00996-00997 | 10/11/06 | E-mail series | Attorney Client and Work Product |
| 00996-00997 | 10/11/06 | E-mail series | Attorney Client and Work Product |
| 00998-00999 | 10/11/06 | E-mail series | Attorney Client and Work Product |
| 00998-00999 | 10/11/06 | E-mail series | Attorney Client and Work Product |
| 01000-01001 | 10/05/06 | E-mail | Attorney Client and Work Product |
| 01002-01003 | 10/19/06 | E-mail series | Attorney Client and Work Product |
| 01002-01003 | 10/19/06 | E-mail series | Attorney Client and Work Product |

| Document No. | Date Created | Document Type | Ruling |
|---|---|---|---|
| 01002-01003 | 10/19/06 | E-mail series | Attorney Client and Work Product |
| 01004-01007 | 10/19/06 | E-mail series | Attorney Client and Work Product |
| 01004-01007 | 10/19/06 | E-mail series | Attorney Client and Work Product |
| 01004-01007 | 10/19/06 | E-mail series | Attorney Client and Work Product |
| 01004-01007 | 10/19/06 | E-mail series | Attorney Client and Work Product |
| 01008-01011 | 10/19/06 | E-mail series | Attorney Client and Work Product |
| 01008-01011 | 10/19/06 | E-mail series | Attorney Client and Work Product |
| 01008-01011 | 10/19/06 | E-mail series | Attorney Client and Work Product |
| 01008-01011 | 10/19/06 | E-mail series | Attorney Client and Work Product |
| 01012-01016 | 10/27/06 | E-mail series | Attorney Client and Work Product |
| 01012-01016 | 10/27/06 | E-mail series | Attorney Client and Work Product |
| 01012-01016 | 10/19/06 | E-mail series | Attorney Client and Work Product |
| 01012-01016 | 10/19/06 | E-mail series | Attorney Client and Work Product |
| 01012-01016 | 10/19/06 | E-mail series | Attorney Client and Work Product |
| 01012-01016 | 10/19/06 | E-mail series | Attorney Client and Work Product |
| 01017 | 10/31/06 | E-mail | Attorney Client |
| 01018 | 03/30/06 | E-mail | Attorney Client and Work Product |
| 01019 | 03/30/06 | E-mail | Attorney Client and Work Product |
| 01020-01021 | 03/30/06 | E-mail | Attorney Client |
| 01022-01023 | 04/01/06 | E-mail series | Attorney Client and Work Product |
| 01022-01023 | 03/31/06 | E-mail series | Attorney Client and Work Product |
| 01022-01023 | 03/31/06 | E-mail series | Attorney Client and Work Product |
| 01024-01026 | 03/31/06 | E-mail | Attorney Client and Work Product |
| 01027 | 04/06/06 | E-mail | Attorney Client and Work Product |
| 01028 | 04/06/06 | E-mail | Attorney Client and Work Product |

| Document No. | Date Created | Document Type | Ruling |
|---|---|---|---|
| 01029 | 04/11/06 | E-mail | Not Privileged-Produce These documents relate to the underlying lawsuit and therefore are part of the claims file. |
| 01030 | 04/11/06 | E-mail | Attorney Client and Work Product |
| 01031 | 04/13/06 | E-mail series | Attorney Client and Work Product |
| 01031 | 04/13/06 | E-mail series | Attorney Client and Work Product |
| 01031 | 04/12/06 | E-mail series | Attorney Client and Work Product |
| 01031 | 04/12/06 | E-mail series | Attorney Client and Work Product |
| 01032-01033 | 04/13/06 | E-mail series | Not Privileged-Produce. The Court cannot determine whether these communications relate to the underlying action, or Plaintiff's decision to refuse coverage. Therefore the Court orders that they be produced, in conformance with the requirement that all claims of privilege are to be narrowly construed. |
| 01032-01033 | 04/12/06 | E-mail series | Not Privileged-Produce. The Court cannot determine whether these communications relate to the underlying action, or Plaintiff's decision to refuse coverage. Therefore the Court orders that they be produced, in conformance with the requirement that all claims of privilege are to be narrowly construed. |
| 01032-01033 | 04/12/06 | E-mail series | Attorney Client and Work Product |
| 01034-01035 | 04/13/06 | E-mail series | Attorney Client and Work Product |
| 01034-01035 | 04/13/06 | E-mail series | Attorney Client and Work Product |
| 01034-01035 | 04/13/06 | E-mail series | Attorney Client and Work Product |
| 01034-01035 | 04/12/06 | E-mail series | Attorney Client and Work Product |
| 01034-01035 | 04/12/06 | E-mail series | Attorney Client and Work Product |
| 01034-01035 | 04/12/06 | E-mail series | Attorney Client and Work Product |

| Document No. | Date Created | Document Type | Ruling |
|---|---|---|---|
| 01036-01039 | 04/13/06 | E-mail series | Not-Privileged-Produce. This letter, and the e-mails attendant to it relate to the underlying Jauden action, in which the Plaintiff was representing the Bubenik Defendants as insurer. Therefore, the communications are part of the claims file and must be produced. |
| 01036-01039 | 04/12/06 | E-mail series | Not-Privileged-Produce. This letter, and the e-mails attendant to it relate to the underlying Jauden action, in which the Plaintiff was representing the Bubenik Defendants as insurer. Therefore, the communications are part of the claims file and must be produced. |
| 01036-01039 | 04/12/06 | E-mail series | Not-Privileged-Produce. This letter, and the e-mails attendant to it relate to the underlying Jauden action, in which the Plaintiff was representing the Bubenik Defendants as insurer. Therefore, the communications are part of the claims file and must be produced. |
| 01040-01045 | 04/19/06 | E-mail | Attorney Client and Work Product |
| 01046 | 04/06/06 | E-mail | Attorney Client and Work Product |
| 01047 | 04/06/06 | E-mail | Attorney Client and Work Product |
| 01048-01057 | 06/13/06 | Letter | Attorney Client and Work Product |
| 01058-01066 | 07/16/06 | Letter | Attorney Client and Work Product |
| 01067-01075 | 09/25/06 | Letter | Attorney Client and Work Product |
| 01076-01079 | 08/14/06 | E-mail series | Attorney Client and Work Product |
| 01076-01079 | 08/14/06 | E-mail series | Attorney Client and Work Product |

| Document No. | Date Created | Document Type | Ruling |
|---|---|---|---|
| 01080-01081 | 04/10/06 | E-mail | Not Privileged-Produce. While this document contains some references to concerns regarding Dr. Bubenik's failure to testify, the majority of the letter addresses the underlying Jaudon matter, and whether settlement is possible, and if not, what is the likelihood of success at trial. Therefore, the Court concludes that this document is part of the Jaudon claims file, and therefore discoverable. The letter also specifically states that Dr. Bubenik has been cooperative up to this point. |
| 01082 | 04/18/06 | Letter | Confidential Settlement Information |
| 01083 | 04/18/06 | Letter | Confidential Settlement Information |
| 01084-01085 | 04/18/06 | Agreement | Not Privileged-Produce. This document relates to the settlement of the Jaudon case. This is part of the claim file and therefore is property of the Defendants. |
| 01086 | 04/18/06 | Order | Not Privileged-Produce. This is a court document memorializing the Jaudon settlement. It does not contain attorney-client privileged information or work product. |
| 01087 | 05/16/06 | E-mail | Not Privileged-Produce. Does not contain attorney-client privileged information or work product, therefore it must be produced. |
| 01088-01090 | 05/16/06 | Memorandum | Not Privileged-Produce. While this document does raise the issue regarding Dr. Bubenik's assertion of the fifth amendment. It is a communication between two non-lawyers, and was prior to litigation between the insurer and the insured. Therefore, it is not work product. |
| 01091 | 05/23/06 | E-mail | Not Privileged-Produce. |

| Document No. | Date Created | Document Type | Ruling |
|---|---|---|---|
| 01092 | 06/14/06 | E-mail | Not Privileged-Produced. References the settlement agreement in the Jaudon case. |
| 01093-01130 | 09/27/06 | E-mail | Pages 01093-01099 are protected by the work product doctrine and need not be produced. However, the Court can find no basis for withholding pages 1100-01130, and therefore these must be produced. |
| 01131-01132 | 04/06/06 | E-mail series | Not Privileged-Produce. While these e-mails discuss coverage questions. It is in the context of trying to settle the Jaudon action. Furthermore, the e-mails specifically state that if a settlement can be reached, then there is no need for a dispute with the insured regarding coverage. |
| 01131-01132 | 04/04/06 | E-mail series | Not Privileged-Produce. While these e-mails discuss coverage questions. It is in the context of trying to settle the Jaudon action. Furthermore, the e-mails specifically state that if a settlement can be reached, then there is no need for a dispute with the insured regarding coverage. |
| 01131-01132 | 04/04/06 | E-mail series | Not Privileged-Produce. While these e-mails discuss coverage questions. It is in the context of trying to settle the Jaudon action. Furthermore, the e-mails specifically state that if a settlement can be reached, then there is no need for a dispute with the insured regarding coverage. |

| Document No. | Date Created | Document Type | Ruling |
|---|---|---|---|
| 01133 | 10/13/06 | Notes | The Court notes that this document appears to be incomplete. Therefore the Court cannot determine in what context these notes were made, nor is a date apparent. It appears that they relate to the Jaudon settlement, and therefore must be produced. The Court will reconsider this ruling, if the Plaintiff can provide the entire document which shows that they relate to the Johnston case. |
| 01134 | 03/30/07 | E-mail | Not Privileged-Produce. Relates to the settlement and defense of the Jaudon case. |
| 01135-01136 | 04/27/06 | E-mail series | Work-Product. |
| 01135-01136 | 04/26/06 | E-mail series | Work-Product. |

**V. Supplemental Privilege Log**

The second set of documents at issue in Defendants' Motion to Compel, are progress notes which were provided to the Defendants in redacted form. Plaintiff's counsel provided the Court with both clean and redacted documents, and the Court will now review those documents, following the same format as that utilized above.[5]

| Document No. | Date Created | Document Type | Ruling |
|---|---|---|---|
| 01138 | 4/17/06 | Progress Notes | Not Privileged-Produce. This addresses coverage issues as leverage for settlement in the Jaudon case and therefore is not in anticipation of litigation, and is part of the claim file. |

---

[5]The Plaintiff provided the Court with some documents which do not contain redacted information, nor are they listed on the privilege log. These documents will be ignored by the Court, and it is assumed that they have been produced.

| Document No. | Date Created | Document Type | Ruling |
|---|---|---|---|
| 01140-01141 | 4/07/06 | Progress Notes | Not Privileged-Produce. These notes relate to settlement of the Jaudon case. |
| 01141-01142 | 03/30/06 | Progress Notes | Not Privileged-Produce. This addresses coverage issues as leverage for settlement in the Jaudon case and therefore is not in anticipation of litigation, and is part of the claim file. |
| 01143 | 03/3006 | Progress Notes | Not Privileged-Produce. This addresses coverage issues as leverage for settlement in the Jaudon case and therefore is not in anticipation of litigation, and is part of the claim file. |
| 01144 | 03/28/06 | Progress Notes | Not Privileged-Produce. This addresses coverage issues as leverage for settlement in the Jaudon case and therefore is not in anticipation of litigation, and is part of the claim file. |
| 01164 | 12/13/06 | Progress Notes | Attorney Client and Work Product |
| 01164 | 11/03/06 | Progress Notes | Attorney Client and Work Product |
| 01165 | 10/13/06 | Progress Notes | Attorney Client and Work Product |
| 01166 | 09/27/06 | Progress Notes | Attorney Client and Work Product |
| 01167 | 09/14/06 | Progress Notes | Attorney Client and Work Product |
| 01168 | 08/24/06 | Progress Notes | Attorney Client and Work Product |
| 01168-01169 | 08/21/06 | Progress Notes | Attorney Client and Work Product |
| 01170-01171 | 08/14/06 | Progress Notes | Attorney Client and Work Product |
| 01172-01173 | 05/31/06 | Progress Notes | Attorney Client and Work Product |
| 01173 | 05/23/06 | Progress Notes | Attorney Client and Work Product |
| 01173 | 05/23/06 | Progress Notes | Attorney Client and Work Product |
| 01174-01175 | 04/28/06 | Progress Notes | Not Privileged-Produce. These notes were prior to the retention of outside counsel, and therefore were part of the ordinary course of Plaintiff's business, not in anticipation of litigation. |

| Document No. | Date Created | Document Type | Ruling |
|---|---|---|---|
| 01175-01176 | 04/27/06 | Progress Notes | Not Privileged-Produce. These notes were prior to the retention of outside counsel, and therefore were part of the ordinary course of Plaintiff's business, not in anticipation of litigation. |

Accordingly,

**IT IS HEREBY ORDERED** that Defendants James E. Bubenik, D.M.D., and James E. Bubenik D.M.D., P.C.'s Motion to Compel the Production of Documents [doc. #47] is **GRANTED in part** and **DENIED in part**. Plaintiff shall produce, within ten (10) days of the date of this order, those documents which this Court ruled above are not privileged.

Dated this 15th Day of October, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE