UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THE MEDICAL PROTECTIVE COMPANY, | ) ) | |
| Plaintiff(s), | ) ) | |
| vs. | ) ) | Case No. 4:06CV1639 ERW |
| JAMES E. BUBENIK, D.M.D., et al., | ) ) ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Response in Opposition to Defendant James E. Bubenik, D.M.D.'s Request to Withdraw his Fifth Amendment Assertion and Testify at Trial [doc. #98].

**I. BACKGROUND**

On February 11, 2008, this Court granted Defendants' Motion to Amend the Case Management Order, to allow Plaintiff's claims and Defendants' counterclaims to be tried simultaneously. The Court had previously stayed the Bubenik Defendants' counterclaims until January 23, 2008, at which time the statute of limitations would run on any potential criminal prosecution, and Dr. Bubenik would be available to testify. In the same motion, Dr. Bubenik, also sought to withdraw his assertion of his Fifth Amendment right against self-incrimination. The Parties disagree over whether the Court ruled on this portion of Defendants' motion. The Court notes that while the motion was termed, and is no longer pending, no clear ruling was issued on whether Dr. Bubenik would be permitted to withdraw his assertion of the Fifth Amendment, and what impact that withdrawal would have on the remaining proceedings.

1

Plaintiff filed suit against James E. Bubenik, D.M.D., and James E. Bubenik, D.M.D., P.C. (collectively "Bubenik Defendants") seeking a declaratory judgment by this Court that Plaintiff was not required to indemnify the Bubenik Defendants for a judgment issued against the Bubenik Defendants in state court. The Bubenik Defendants then filed a counterclaim against Plaintiff. The first count of the Bubenik Defendant's counterclaim seeks a declaratory judgment on the same issue as that sought by Plaintiff, whether Plaintiff was obligated to defend the Bubenik Defendants in the underlying state court action, and the second count alleges breach of fiduciary duty to settle within the liability insurance policy limits. Plaintiff's action, as well as Count I of the Bubenik Defendants' counterclaim, are set for a non-jury trial, however, Count II of the Bubenik Defendants' counterclaim is set for a jury trial.

On March 23, 2007, Plaintiff filed a motion to strike the Bubenik Defendants' Counterclaims, and to limit Defendants' ability to conduct discovery. Plaintiff based this motion on Dr. Bubenik's assertion of his Fifth Amendment right against self-incrimination. This Court held a hearing on the motion, and subsequently denied Plaintiff's motion; the Court ordered that the Bubenik Defendants' counterclaim be stayed, until the statute of limitations on any potential criminal prosecution had run.

## II.  DISCUSSION

Plaintiff filed their renewed opposition to Defendants' motion to withdraw Dr. Bubenik's assertion of the Fifth Amendment, because Plaintiff believes that allowing Dr. Bubenik to testify, at this late stage of the trial proceedings, would be unduly prejudicial to Plaintiff. Defendants dispute that allowing Dr. Bubenik to testify would be prejudicial, and further argue that Dr. Bubenik's testimony is highly relevant to the issues to be decided by this Court.

The Court agrees with Plaintiff, that to allow Dr. Bubenik to testify in defense of Plaintiff's declaratory judgment action would be prejudicial to the Plaintiff. Discovery has been completed, and Plaintiff has prepared its case with the expectation that Dr. Bubenik would not be testifying. He was not available to Plaintiff in the state Court action because he relied upon his Fifth Amendment right not to testify. As stated in Plaintiff's briefs, they have prepared expert witnesses in advance of trial, all on the assumption that Dr. Bubenik would not be testifying. The Court also notes that Dr. Bubenik's testimony is not essential to the main declaratory judgment action that is pending. The issue to be decided is whether Plaintiff was reasonable in declining to defend the Bubenik Defendants, on the basis of Dr. Bubenik's alleged violation of the cooperation clause. What Dr. Bubenik's testimony would have been is not relevant to whether the information Plaintiff possessed at the time the decision was made not to defend the Bubenik Defendants, was sufficient to find that the Bubenik Defendants were in breach of their professional liability contract. Dr. Bubenik will not be permitted to testify in the non-jury trial of Plaintiff's declaratory judgment action.

However, the Court notes that this does not end the discussion. The Bubenik Defendants' have filed two counterclaims against Plaintiff. The first counterclaim seeks a declaratory judgment that Plaintiff was obligated to indemnify the Bubenik Defendants in the underlying action. Count I of the Bubenik Defendants' Counterclaim seeks relief on the same issue as Plaintiff's claim, and therefore will be disposed in a ruling following the non-jury trial; Dr. Bubenik will not be permitted to testify on Count I of the Bubenik Defendants' Counterclaim. However, the Bubenik Defendants' second claim, breach of fiduciary duty to settle within the policy limits, is set for a jury trial. The Court stayed this action, so that it would not be tried until such a time as Dr. Bubenik could testify. Therefore, the Court concludes that Count II of the

Bubenik Defendant's counterclaim should be tried separately, before a jury, and Dr. Bubenik may testify when Count II is tried.

**III. CONCLUSION**

In accordance with the above order, the jury and non-jury trial will be held separately. The Court will allow a short discovery period, to allow Plaintiff to depose Dr. Bubenik, and to conduct limited discovery on Count II of the Bubenik Defendants' counterclaim. The Court will also allow the Parties to file dispositive motions, again, limited to Count II of the Bubenik Defendants' counterclaim. A jury trial will then be held on the Bubenik Defendants' counterclaim, following the non-jury trial of Plaintiff's action.

Accordingly,

**IT IS HEREBY ORDERED** that the previously set Pretrial Conference of May 21, 2008, is **VACATED**.

This action is set for a **NON-JURY** trial on **May 28, 2008**, at **8:30 a.m.** to address Plaintiff's declaratory judgment action. This is a **three** week docket.

In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty (20) days prior to the date set for trial:

**1**. Stipulation: Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation.

**2.** Witnesses:

(a) Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

(b)     Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

3. Exhibits:

(a)     Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft.-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced. The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed.R.Evid. 902(11) or 902(12).

(b)     Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed.R.Evid. 902(11)or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

(c)     Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order. Any objections not made in writing **at least fifteen (15) days prior to trial** may be considered waived.

4. Depositions, Interrogatory Answers, and Request for Admissions:

(a)     Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence. **At least fifteen (15) days before trial**, opposing counsel shall state in writing any objections to such testimony and

shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

  (b) Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order.  Any objections not made as above required may be considered waived.

  **5.** <u>Findings of Fact, Conclusions of Law and Trial Brief</u>:  Submit to the Court and to opposing counsel a trial brief, citing authorities, in support of said party's legal theories and discussing any anticipated substantive or procedural problems.

  **6**. <u>Motions in Limine</u>:  File all motions in limine to exclude evidence, <u>and submit a courtesy copy directly to the Court's chambers</u>, **at least fifteen (15) days before trial**.

Failure to comply with any part of this Order may result in the imposition of sanctions.

**IT IS FURTHER ORDERED** that Count II of the Bubenik Defendants' Counterclaim shall be tried before a jury.  Discovery, dispositive motions, and the trial of that action shall proceed in accordance with the following schedule:

  **1**. The parties shall complete <u>all</u> discovery no later than **April 30, 2008**.

  **2**. Motions to compel shall be pursued in a diligent and timely manner, but in no event filed more than eleven (11) days following the discovery deadline set out above.

  **3**. Any motions to dismiss, motions for summary judgment or motions for judgment on the pleadings must be filed no later than **May 16, 2008**.  Briefs in opposition shall be filed within twenty (20) days and any reply briefs shall be filed within five (5) days thereafter.

**4**.     The final Pretrial Conference will be held on **August 8, 2008**, at **9:30 a.m.** in Courtroom 12 South of the U.S. District Court.

This action is set for a **JURY** trial on **August 18, 2008**, at **8:30 a.m.** relating to Count II of the Bubenik Defendants' Counterclaim.   This is a **three** week docket.

Pursuant to Local Rule 8.04 the court may tax against one or all parties the per diem, mileage, and other expenses of providing a jury for the parties, when the case is terminated or settled by the parties at a time too late to cancel the jury attendance or to use the summoned jurors in another trial, unless good cause for the delayed termination or settlement is shown.

**In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty (20) days prior to the date set for trial:**

**1.**     Stipulation:  Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

**2.**     Witnesses:

(a)     Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

(b)     Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

**3.**     Exhibits:

(a)     Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs shall mark exhibits P-1, P-2, P-3, etc.  Defendants shall mark exhibits D-1, D-2, D-3, etc.)  and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that

will be introduced into evidence and those that may be introduced.  The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed.R.Evid. 902(11) or 902(12).

      (b)    Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed.R.Evid. 902(11)or 902(12), to opposing counsel for examination.  Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

      (c)    All written exhibits, exceeding one page, in documentary form to be offered in evidence that will be shown to the jury must be accompanied by an exact duplicate for each juror.  (**This does not apply to exhibits shown electronically**.)  No exhibit shall be shown to the jury in opening statements or at any other time until it is received in evidence or the Court has granted permission for the exhibit to be shown to the jury.

      (d)    Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order.  Any objections not made in writing **at least fifteen (15) days prior to trial** may be considered waived.

    **4.**    <u>Depositions, Interrogatory Answers, and Request for Admissions</u>:

      (a)    Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence.  **At least fifteen (15) days before trial,** opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

(b) Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered waived.

**5.** Instructions:

(a) Submit to the Court and to opposing counsel their written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions **at least fifteen (15) days before trial** in light of opposing party's requests for instructions. (Each request must be supported by at least one pertinent citation.)

(b) Eighth Circuit Jury Instructions will be used in all cases if available. If instructions from any other source are proffered, they must be accompanied by case authority.

(c) Parties shall submit a "clean" copy and a "dirty" copy of each instruction proffered. A "clean" copy for the jury will reflect only "Instruction No. ____" at the top with no further explanatory comments at the top or bottom of the page.

**6.** Trial Brief: Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

**7.** Motions In Limine: File all motions in limine to exclude evidence, and submit a courtesy copy directly to the Court's chambers, **at least fifteen (15) days before trial.**

Failure to comply with any part of this order may result in the imposition of sanctions.

Dated this 19th Day of March, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE