UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE MEDICAL PROTECTIVE COMPANY, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:06CV01639 ERW |
| ) | |
| JAMES E. BUBENIK, D.M.D., et al., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants James E. Bubenik, D.M.D and James E. Bubenik D.M.D., P.C.'s Motion for Reconsideration [doc. #102], and Defendants Joseph C. Johnston, individually, and Mary Johnston, through her guardian Joseph C. Johnston's Motion for Reconsideration [doc. #104].

**I. BACKGROUND**[1]

On March 13, 2008, this Court ordered that Plaintiff's declaratory judgment action would be heard by this Court in a non-jury trial set for May 28, 2008, and that the Defendants' counterclaims would be heard in a jury trial, set to begin August 18, 2008. The Court further ordered that Defendant James E. Bubenik, D.M.D. ("Dr. Bubenik") would not be permitted to testify in the non-jury trial, as this would be prejudicial to the Plaintiff.

At the beginning of this action, in accordance with this Court's order, Dr. Bubenik filed a declaration stating that he was going to rely on advice of counsel, and assert his rights under the

---

[1] The Court will not recite the facts in detail in this order. The Court previously addressed in detail the facts of this case, both in its prior Summary Judgment ruling, as well as in its March 19, 2008 order, which Defendants now request the Court to reconsider.

1

Fifth Amendment. Accordingly, this Court ordered that the Bubenik Defendants' counterclaims be stayed, until such time as the statute of limitations had run on any potential criminal charges against Dr. Bubenik, and further ordered that Plaintiff's action continue, without the aid of Dr. Bubenik's testimony. Although the Court may not have explicitly stated its intention that Dr. Bubenik be prohibited from testifying at the trial of Plaintiff's declaratory judgment action, such an intent was implicit from the ruling that the case continue without the aid of Dr. Bubenik. In accordance with this intention, the Court entered the order referenced above, setting separate dates for the non-jury and jury trials in this matter, and permitting Dr. Bubenik to testify in support of his counterclaim, but prohibiting him from testifying in defense of Plaintiff's action. The matter is now before the Court a second time on the Bubenik Defendants' Motion for Reconsideration, and the Johnston Defendants' Motion for Reconsideration. The Court will address these motions at this time.[2]

## II. LEGAL STANDARD

The Defendants raise their arguments under Federal Rule of Civil Procedure 59(e). Rule 59(e) permits a court to reconsider a judgment within ten days of its entry. Fed. R. Civ. P. 59(e). Rule 60 provides a broader base for relief from either "a judgment or order," in certain circumstances. Fed. R. Civ. P. 60 ("[T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding . . .."). When a motion for reconsideration is directed at a non-final order, it is "nothing more than [a] Rule 60(b) motion." *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006). "Rule 59(e) motions are motions to alter or amend a *Judgment*,

---

[2] The Court recognizes that the Defendants have filed separate motions. However, the Johnston Defendants largely adopt the arguments set forth by the Bubenik Defendants. Therefore, for purposes of this opinion, the Court will refer to the Bubenik Defendants and the Johnston Defendants collectively as Defendants.

2

not any non-final order." *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999) (emphasis in original).

The Court concludes that Defendants' motions are properly construed as motions for relief from a judgment or order under Federal Rule 60, not motions to amend a judgment under Rule 59(e). Rule 60(b) provides a limited number of bases for relief:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).

## III. DISCUSSION

Defendants request that this Court reconsider its prior order which prevents Dr. Bubenik from testifying at the trial of Plaintiff's declaratory judgment action. Defendants raise a number of arguments in support of their position, all of which are without merit.

Defendants suggest that this Court misstated the law applicable to Plaintiff's declaratory judgment action, by failing to recognize the burden of proof placed upon Plaintiff, and failing to acknowledge the required elements. Specifically, failing to recognize that Plaintiff must prove prejudice. Defendants statement is incorrect. The Court specifically recited the applicable legal standard, including the requirement that Plaintiff show prejudice. *See Union Insurance Company of Providence v. Williams*, 261 F.Supp.2d 1150, 1152 (E.D.Mo. 2003). Dr. Bubenik's testimony is not necessary to show substantial prejudice, nor is it necessary for Defendants to prove a lack of prejudice. Both parties provided evidence in support of their respective motions for summary judgment, and this Court concluded that material issues of fact existed precluding summary judgment, evidencing that Dr. Bubenik's testimony is not essential. Furthermore, allowing Dr.

Bubenik to testify, after permitting him to rely on the Fifth Amendment throughout the course of discovery in this case, would be prejudicial to Plaintiff.

The Court will briefly address an argument of prejudice raised by the Johnston Defendants. The Johnston Defendants argue that by not allowing Dr. Bubenik to testify, they, as the innocent victim of Dr. Bubenik's malpractice, will be prejudiced by being unable to collect on their state court judgment. While the Court recognizes the Johnston Defendants interest in collecting on their judgment, such an interest is not sufficient to outweigh the prejudice to the Plaintiff. The Johnston Defendants were not obligated to enter an agreement with the Bubenik Defendants agreeing to seek collection only from Plaintiff. Whether or not the Johnston Defendants were aware of Dr. Bubenik's intention to continue to assert the Fifth Amendment in the civil action before this Court is not relevant. As the Johnston Defendants recognize in their briefing, the applicable statute of limitations in this case did not expire until January of 2008, and the Johnston Defendants were aware of this date. The pending case before this Court was filed on November 13, 2006. Any assumption that Dr. Bubenik would be available to testify in this trial was mistaken. The Johnston Defendants private reasons for entering an agreement with the Bubenik Defendants, and their subsequent interest in the outcome of this proceeding, do not change the Courts determination that allowing Dr. Bubenik to testify would be prejudicial to the Plaintiff.

None of the additional arguments raised by Defendants warrant further discussion. As both parties recognize in their briefs, this Court has discretion to craft discovery sanctions according to the facts of the case. The Court allowed discovery on Plaintiff's claim to continue without the aid of Dr. Bubenik's testimony. It would be prejudicial to now allow Dr. Bubenik to testify.

## IV. CONCLUSION

The Court concludes that the Bubenik Defendants' motion to reconsider and the Johnston Defendants' motion to reconsider are both without merit. This Court thoroughly addressed the concerns of both Parties in its prior orders, and has balanced the prejudice to Plaintiffs as a result of Dr. Bubenik's actions with the prejudice to the Defendants as a result of the lack of Dr. Bubenik's testimony at the non-jury trial. The Court concluded that it was appropriate to prevent Dr. Bubenik from testifying at the non-jury trial.

In a footnote to their response in opposition to the Bubenik Defendants' Motion for Reconsideration, Plaintiff requests additional time for discovery relating to Defendants' Counterclaims. The Bubenik Defendants, in their reply brief, concur with Plaintiff's request for additional time for discovery. If the Parties seek to amend to the current Case Management Order, the Parties should file a motion, either jointly or separately, to that effect, and the Court will address the request at that time.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants James E. Bubenik, D.M.D., and James E. Bubenik, D.M.D., P.C.'s Motion for Reconsideration [doc. #102] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Joseph C. Johnston, individually, and Mary Johnston, through her guardian Joseph C. Johnston's Motion for Reconsideration [doc. #104] is **DENIED**.

Dated this <u>14th</u> Day of <u>April</u>, 2008.

_E. Richard Webber_ (signature)
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE