UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MEDICAL PROTECTIVE COMPANY, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:06CV01639 ERW |
| ) | |
| JAMES E. BUBENIK, D.M.D., et al., ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants James E. Bubenik, D.M.D., and James E. Bubenik, D.M.D., P.C.'s Motion to Quash Subpoenas Duces Tecum [doc. #110].

## I. BACKGROUND

Plaintiff filed suit against Defendants James E. Bubenik, D.M.D., and James E. Bubenik, D.M.D., P.C. ("the Bubenik Defendants") seeking a declaratory judgment that Plaintiff was not responsible for indemnifying the Bubenik Defendants from the judgment entered against them in a state court case filed by Joseph C. Johnston, individually, and Mary Johnston through her guardian Joseph C. Johnston ("the Johnston action"). The Bubenik Defendants' filed a counterclaim, alleging vexatious refusal to settle. Dr. Bubenik asserted his Fifth Amendment right against self-incrimination, in both the underlying Johnston action and in the present case. Following Dr. Bubenik's assertion, the Court stayed the Bubenik Defendants' counterclaim, and allowed discovery to continue on Plaintiff's declaratory judgment action. Dr. Bubenik has now withdrawn his assertion of the Fifth Amendment privilege and is prepared to testify. However, in order to prevent prejudice to Plaintiff, the Court ruled that Dr. Bubenik would only be permitted to testify in support of the Bubenik Defendants' counterclaim. The Court further ordered limited

discovery on the Bubenik Defendants' counterclaim, that will be tried following a bench trial on Plaintiff's action. One of the issues raised in Defendants' counterclaim, is whether Dr. Bubenik discussed the facts of the Johnston action with counsel.

In pursuit of discovery on Defendants' counterclaim, Plaintiff served attorneys Daniel E. Wilke, N. Scott Rosenblum, Michael J. Mettes, and Steven L. Leonard with subpoenas *duces tecum*, ordering them to appear for depositions and to produce certain documents reflecting communications between Dr. Bubenik and his counsel. On April 16, 2008, the Bubenik Defendants filed the pending motion to quash those subpoenas. The Court held a hearing on April ENTER DATE , and will now address the pending motion.

## II. DISCUSSION

As an initial matter the Court notes that little argument was presented on the subpoenas targeted at Dr. Bubenik's criminal counsel, Mr. Rosenblum and Mr. Mettes. Attorney for the Bubenik Defendants stated during the hearing that there was no basis for deposing Dr. Bubenik's criminal counsel, and Plaintiff's counsel offered no persuasive argument to the contrary. The Court agrees that Dr. Bubenik's criminal counsel, Mr. Rosenblum and Mr. Mettes do not possess relevant information, and are not appropriate subjects of a subpoena. Therefore, Defendants' motion to quash the subpoena as to Mr. Rosenblum and Mr. Mettes is granted.

The Court will next address Defendants motion as it relates to attorneys Daniel E. Wilke and Steven L. Leonard. Mr. Wilke was retained by Plaintiff to represent Dr. Bubenik in the underlying Johnston action. Mr. Leonard also served as counsel for Plaintiff, and represented the Bubenik Defendants in both the Johnston action, and the Jaudon case.[1] The Bubenik Defendants

---

[1] The Jaudon case was a separate wrongful death action that was filed against Dr. Bubenik, and was settled by MPC within the limits of the professional liability policy.

reference in their counterclaim a conversation that took place between Mr. Wilke and Dr. Bubenik, to which Mr. Leonard was privy. This is also referenced in an affidavit submitted by Mr. Leonard. Plaintiff argues that the Bubenik Defendants have waived their attorney client privilege to any conversation that took place between Dr. Bubenik and Mr. Wilke and Mr. Leonard by putting at issue Dr. Bubenik's conversations with them. The Bubenik Defendants dispute that any waiver has taken place.

The first question to be determined by the Court is whether the information sought is the appropriate subject of discovery. Rule 26(b)(1) permits a party to obtain discovery regarding any matter, that is not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). The information sought by Plaintiff through the service of the subpoenas in question is clearly relevant, as it addresses Plaintiff's reasonableness in refusing to settle the underlying Johnston case on the Bubenik Defendants' behalf. The Bubenik Defendants do not dispute the relevance of the material sought, but rather assert that it is subject to the attorney-client privilege, and that no waiver of that privilege has occurred.

The Federal Rules provide for the service of subpoenas, and also provide for quashing or modifying a subpoena. Fed. R. Civ. P. 45. Specifically, Rule 45 states that "the issuing court must quash or modify a subpoena" if the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies . . . ." Fed. R. Civ. P. 45(c)(3)(A)(iii); *see also Pointer v. DART*, 417 F.3d 819, 821 (8th Cir. 2005).

Missouri law recognizes that "the attorney-client privilege may be waived by conduct that would make it unfair for the holder to insist on the privilege thereafter." *Baker v. General Motors Corp.*, 197 F.R.D. 376, 388 (W.D.Mo. 1999). "A client consents to disclosure by voluntarily revealing the protected information, . . . or by placing the subject matter of the privileged

3

communication in issue in the litigation." *State v. Timmons*, 956 S.W.2d 277 (1997); *see also Sappington v. Miller*, 821 S.W.2d 901, 904 (Mo. Ct. App. 1992) ("A waiver of attorney-client privilege may be found where the client places the subject matter of the privileged communication in issue.").

In *Sappington*, the Court found that the client had placed the content of communications with his attorney at issue, by alleging in his answer that the two attorney's concocted the settlement agreement, without the client's consent. 821 S.W.2d at 904. Similarly, in the case before the Court, the Bubenik Defendants assert that Dr. Bubenik cooperated with his attorney, Mr. Wilke and therefore, Plaintiff acted improperly in refusing to represent Dr. Bubenik, and refusing to settle the Johnstons' claim against him. The Court concludes that the Bubenik Defendants waived attorney-client privilege with respect to communications with Mr. Wilke regarding the facts of the underlying Johnston action. Therefore, Plaintiff is entitled to Subpoena Mr. Wilke to testify.

Additionally, the Court notes that Mr. Leonard was privy to the alleged communication between Mr. Wilke and Dr. Bubenik, and therefore is also appropriately the subject of a subpoena by Plaintiff. Mr. Leonard testified in his affidavit that a conversation took place between Mr. Wilke and Dr. Bubenik, and Plaintiff is entitled to discover the contents of that communication, to the extent it recounts factual information and not legal advice.

### III. CONCLUSION

The Court concludes that Defendants motion to quash is granted as to Mr. Rosenblum and Mr. Mettes. However, Defendants have placed in issue whether Dr. Bubenik discussed the facts of the underlying Johnston case with Mr. Wilke. Plaintiff is entitled to depose Mr. Wilke in order to determine what factual information, if any, Dr. Bubenik communicated to him regarding the

4

underlying case as this is relevant to whether Plaintiff acted improperly in refusing to settle. The Court also finds that Plaintiff is entitled to depose Mr. Leonard. Mr. Leonard testified, through his affidavit, to a meeting between Mr. Wilke and Dr. Bubenik, and to the contents of that meeting. Therefore, Defendants' Motion to Quash the subpoenas targeted at Mr. Wilke and Mr. Leonard is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants James E. Bubenik, D.M.D. and James E. Bubenik, D.M.D., P.C.'s Motion to Quash Subpoenas Duces Tecum [doc. #110] is **GRANTED in part** and **DENIED in part**. It is **GRANTED** as to the subpoenas served on Mr. Rosenblum and Mr. Mettes. It is **DENIED** as to the subpoenas served on Mr. Wilke and Mr. Leonard. Plaintiff is entitled to depose Mr. Wilke and Mr. Leonard, however, such depositions shall be limited to the content of any communications between Mr. Wilke and Dr. Bubenik, and any conversation overheard by Mr. Leonard between Mr. Wilke and Dr. Bubenik, concerning the facts of the underlying Johnston action. Any legal advice given by either Mr. Wilke or Mr. Leonard is not discoverable.

Dated this <u>28th</u> Day of <u>April</u>, 2008.

                                                 *E. Richard Webber* (signature)
                                                 E. RICHARD WEBBER
                                                 UNITED STATES DISTRICT JUDGE