UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE MEDICAL PROTECTIVE COMPANY, ) ) | |
| Plaintiff(s), ) ) | |
| vs. ) ) | Case No. 4:06CV01639 ERW |
| JAMES E. BUBENIK, D.M.D., et al., ) ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff The Medical Protective Company's Motion for Protective Order [doc. #115].

**I. BACKGROUND**

Plaintiff filed suit against Defendants James E. Bubenik, D.M.D., P.C., and James E. Bubenik, D.M.D. ("the Bubenik Defendants") seeking a declaratory judgment that Plaintiff was not obligated to indemnify the Bubenik Defendants from a state court malpractice judgment. The state court plaintiffs, Joseph C. Johnston, individually, and Joseph C. Johnston as legal guardian of Mary Johnston, intervened as third party Defendants ("the Johnston Defendants"), opposing the Plaintiff's declaratory judgment action. The Bubenik Defendants filed a counterclaim against Plaintiff alleging vexatious refusal to settle.

In both the state court action, and the declaratory judgment action before this Court, Dr. Bubenik asserted his Fifth Amendment right against self incrimination; Dr. Bubenik refused to provide any testimony until the statute of limitations had run on any potential criminal liability

1

resulting from two incidents in which patients died under his care. This Court stayed the Bubenik Defendants' counterclaim pending the running of the statute of limitations.

The Plaintiff's declaratory judgment action is set for a non-jury trial on May 28, 2008, and all discovery related to that action has been completed. The Bubenik Defendants' counterclaim of vexatious refusal to settle is set for a jury trial on August 18, 2008. Discovery is currently being completed on the Bubenik Defendants' counterclaim. The Bubenik Defendants' have filed a notice of deposition for Plaintiff's 30(b)(6) designee, Mr. Robert Ignasiak, and have further signaled their intention to depose Ms. Susan Ford Robertson, Plaintiff's outside counsel.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides guidelines for discovery in civil cases. Specifically Rule 26(b) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b). The rule also places certain requirements on a party claiming privilege.

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial-preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed. R. Civ. P. 26(b)(5)(A). "[I]t is the long established rule that confidential communications between an attorney and his client are absolutely privileged from disclosure against the will of the client." *Diversified Industries, Inc. v. Meradith*, 572 F.2d 596, 601 (8th Cir. 1977). A second rule, applicable to the case at bar, "is that information or materials assembled by or for a person in anticipation of litigation or in preparation for trial may be qualifiedly privileged from disclosure to an opposing party. That rule is known as the 'work product' rule . . . ." *Id.*

## II. DISCUSSION

Plaintiff specifically identifies nine of the seventeen topics, identified in the notice for deposition, as requesting information that is protected by attorney client privilege or the work product doctrine. The Parties address these topics in two separate sets, as they raise separate issues regarding privilege. Therefore, the Court will adopt the same approach.

The first set requests examination and production of documents on the following topics:

> 3. The identity of the correspondence, notes, emails file memos, letters and all other written communication related to MPC's decision of [sic] offer Bubenik a defense of the Johnston case under a reservation of rights, and MPC's decision to file a declaratory judgment.
>
> 4. With respect to the Johnston case, MPC's analysis of the strengths and weaknesses of: (a) MPC's coverage position, (b) its decision to offer a defense under a reservation of rights, and (c) its decision to file the declaratory judgment.
>
> 5. MPC's communication with outside counsel regarding (a) coverage for the Johnston case, (b) issuing a reservation of rights for the Johnston case, (c) declining coverage for the Johnston case, (d) the mediation on October 12, 2006 in the Johnston case, and (e) filing the declaratory judgment.
>
> 6. MPC's intra-company communication regarding (a) coverage for the Johnston case, (b) issuing a reservation of rights for the Johnston case, (c) declining coverage for the Jaudon case, (d) the mediation on October 12, 2006, in the Johnston case and (e) filing the declaratory judgment.

*Pl.'s Mot. for Protective Order*, Ex. 1, p.3. The above deposition topics seek information regarding the Johnston action and Plaintiff's decision to issue a reservation of rights letter, and is largely addressed by this Court's October 15, 2007 order on the Bubenik Defendants' motion to compel. Any documents that involve communications between company employees regarding advice of counsel are subject to the attorney-client privilege. *See First Wisconsin Mortgage Trust v. First Wisconsin Corp.*, 86 F.R.D. 160, 172 (D. Wis. 1980). Furthermore, any legal advice

sought by Plaintiff regarding Dr. Bubenik's assertion of his Fifth Amendment right are also protected by the attorney client privilege.[1]

The Court's findings regarding what documents or topics are protected by the attorney-client privilege are not altered by the fact that the Bubenik Defendants seek this information in support of their counterclaim. The Bubenik Defendants argue that under Missouri law the attorney-client privilege is inapplicable, as the information sought is relevant to the Plaintiff's state of mind, which is a key element of a claim of vexatious refusal to settle. *See* Mo. Rev. Stat. § 375.296.[2] Missouri law regarding the tort of vexatious refusal to settle requires a finding of bad faith on the part of the insurance provider, and therefore evidence of bad faith, both direct and indirect, is admissible at trial. *Truck Insurance Exchange v. Prairie Framing, LLC*, 162 S.W. 64,

---

[1] The Court acknowledges the Bubenik Defendants' argument that the issue is different now that Dr. Bubenik has withdrawn his assertion of his intention to rely on the Fifth Amendment privilege, however, this Court's prior ruling was based not upon Dr. Bubenik's assertion of the Fifth Amendment in this case, but rather his assertion of the Fifth Amendment in the underlying Johnston action. Therefore, the withdrawal of the Fifth Amendment assertion has no impact on this Court's analysis.

[2] This statute provides:

> In any action, suit or other proceeding instituted against any insurance company, association or other insurer upon any contract of insurance issued or delivered in this state to a resident of this state, or to a corporation incorporated in or authorized to do business in this state, if the insurer has failed or refused for a period of thirty days after due demand therefor prior to the institution of the action, suit or proceeding, to make payment under and in accordance with the terms and provisions of the contract of insurance, and it shall appear from the evidence that the refusal was vexatious and without reasonable cause, the court or jury may, in addition to the amount due under the provisions of the contract of insurance and interest thereon, allow the plaintiff damages for vexatious refusal to pay and attorney's fees as provided in section 375.420. Failure of an insurer to appear and defend any action, suit or other proceeding shall be deemed prima facie evidence that its failure to make payment was vexatious without reasonable cause.

Mo. Rev. Stat. § 375.296.

95 (Mo. Ct. App. 2005). However, this requirement alone does not permit discovery of all attorney-client communications on the subject. The Missouri Court of Appeals specifically found that "'[e]ach case must stand and be determined upon its particular state of facts.'" *Id*. (internal quotation omitted). The Court does not dispute that the Plaintiff had a responsibility to "act honestly to effectually indemnify and save the insured harmless as it ha[d] contracted to do . . . ." *Zumwalt v. utilities Ins. Co.*, 228 S.W.2d 750, 754 (Mo. 1950). However, the Court does not find that this requirement is sufficient to allow the Bubenik Defendants to inquire regarding privileged communications between Plaintiff and its counsel. The Bubenik Defendants have deposed Plaintiff personnel that were involved in the coverage decision at issue, and are preparing to depose Mr. Ignasiak, who can also testify to the reasons for Plaintiff's decision. While Plaintiff's discussions with counsel are certainly relevant to the questions of why Plaintiff did not settle the Johnston action, relevance alone is not sufficient to allow discovery of attorney-client privileged communication, and the Bubenik Defendants have not shown that the facts of the present case warrant an exception to the general rule of privilege.

The Court next addresses any information or documents requested in topics three through six that are protected by the work-product doctrine. The Court previously ordered that any documents discussing coverage of the Bubenik Defendants in relation to the Johnston action, that were created after Plaintiff hired outside counsel, were produced in anticipation of litigation and therefore protected by the work-product doctrine.[3] The Bubenik Defendants argue that these documents are now discoverable, as they have shown a substantial need for the materials in

---

[3]As noted in this Court's prior order, not all documents after this date were related to the coverage question. Those documents which discuss the settlement or defense of the underlying Johnston action are not protected, as they are part of the claim file which belongs to the Bubenik Defendants.

5

question, and further are unable to obtain the substantial equivalent of the materials by other means. The Bubenik Defendants seek discovery of all documents created prior to the issuance of the reservation of rights letter, October 12, 2006, as relevant to the issue of vexatious refusal to settle. Plaintiff disputes that the rule cited by the Bubenik Defendants is applicable to opinion work-product, but rather that such rule is limited to factual work-product, and argue a more stringent rule applies to cases that are opinion work-product.[4]

Under the Federal Rules of Civil Procedure, trial preparation materials are ordinarily not discoverable, however, such material "may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(i) & (ii). However, the rule limits disclosure by stating that "[i]f the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 23(b)(3)(B). The Supreme Court in *Upjohn Co. v. United States*, held that documents which reveal the attorney's mental processes "cannot be disclosed simply on a showing of substantial need and inability to obtain the equivalent without undue hardship." 449 U.S. 383, 401 (1981). The Supreme Court did not find that such material was never discoverable, but rather a more stringent showing of hardship is required. *Id. See also Baker v. General Motors Corp.*, 197 F.R.D. 376, 383-384 (W. D. Mo. 1999).

The Bubenik Defendants cite to a western district of Missouri opinion which held that "there is a substantial need for discovery of a claims file as it relates to a vexatious refusal to pay

---

[4]The Court notes that the documents sought in this case involve opinion work-product, as the issue involves the reason for Plaintiff's denial of coverage.

6

claim," in support of their request. *McConnell v. Farmers Insurance Co., Inc.*, 2008 WL 510392, *3 (W. D. Mo. 2008) (citing *O'Boyle v. Life Insurance Co. of North America*, 299 F.Supp. 704 (W. D. Mo. 1969)). The Court does not dispute the accuracy of this statement, however, the Court previously ruled that the claims file was discoverable, as property of the Bubenik Defendants. However, the Court also ruled that documents created, after the Plaintiff hired outside counsel, which relate to the question of coverage, were protected by the work-product doctrine. The case cited by the Bubenik Defendants does not change this conclusion. The Bubenik Defendants ask that this Court alter the date on which it concluded the Plaintiff anticipated litigation, however, the Court is not so inclined. When Plaintiff retained outside counsel, on May 23, 2006, to advise it regarding its obligation to provide continued coverage, it was acting in anticipation of litigation. The Federal Rules and the Supreme Court have made clear that mental impressions of attorney's are to be protected, and the Court finds no exception to this protection.

The Bubenik Defendants briefly argue that the Plaintiff has waived its attorney-client privilege by arguing that Plaintiff was prejudiced by Dr. Bubenik's assertion of the Fifth Amendment privilege. A party may waive the attorney-client privilege "by voluntarily revealing the protected information, or by placing the subject matter of the privileged communication in issue in the litigation." *State v. Timmons*, 956 S.W.2d 277, 285 (Mo. Ct. App. 1997) (internal citation omitted); *see also Baker*, 197 F.R.D. at 388. In order for waiver to apply "the litigant asserting the privilege must place the allegedly privileged communication at issue through an affirmative act such as raising an affirmative defense, thereby making the protected communication relevant and necessary to the original claim of the adversary." *Baker*, 197 F.R.D. at 388. The Plaintiff has to prove, in order to succeed on its declaratory judgment action, that it

7

was prejudiced by Dr. Bubenik's assertion of the Fifth Amendment privilege. However, the Court agrees with the Plaintiff, that Plaintiff's claim of prejudice has no impact on its assertion of attorney-client privilege. Plaintiff's evidence of prejudice does not waive its attorney-client privilege, as it does not place the mental impressions of Plaintiff's counsel at issue in the litigation, as required for waiver. Whether the Plaintiff was prejudiced by Dr. Bubenik's decision to remain silent, as protected by the Fifth Amendment, is unrelated to Plaintiff's counsel's advice on whether to deny coverage in the Johnston action.

To the extent that topics three through six request information protected by attorney client privilege, as found by this Court's prior order, such information is not discoverable. However, to the extent that the information relates to corporate decisions outside of advice of counsel, the Bubenik Defendants may inquire of Mr. Ignasiak regarding such matters. The Bubenik Defendants have failed to provide the Court with any compelling reason why they should be entitled to discovery of opinion work-product. The only case law cited by the Bubenik Defendants supports disclosure of the claims file, which was previously ordered by this Court.

The Court next addresses those topics which relate to the Jaudon case:

11. The reason why MPC provided Bubenik with an unconditional defense in the Jaudon case.

12. The reason why MPC funded the settlement in the Jaudon case.

13. The reason why MPC did not issue a reservation of rights in the Jaudon case.

14. The reason why MPC did not decline coverage in the Jaudon case.

15. The reason why MPC did not file a declaratory judgment in the Jaudon case.

*Pl.'s Mot. for Protective Order*, Ex. 1, p. 4.

The Court previously ruled that documents created by the Plaintiff in relation to the Jaudon case are not protected by the work-product doctrine, and therefore are subject to

8

discovery. The Bubenik Defendants clearly may question Mr. Ignasiak regarding the Jaudon case, however, they may not obtain information regarding the mental impressions or opinions of Plaintiff's counsel. Plaintiff has not waived the attorney-client privilege, which is applicable regardless of whether litigation is anticipated. Again, the Court notes that this is consistent with its prior ruling.

Lastly, the Court addresses the requested deposition of Ms. Robertson, Plaintiff's outside counsel. The Bubenik Defendants assert that the deposition of Ms. Robertson is necessary to verify communications, that are referenced in documents produced by Plaintiff, discussing Dr. Bubenik's cooperation in the Jaudon case. However, the Bubenik Defendants have failed to show why this information is not protected by the attorney-client privilege. As the Court discussed above, and in its prior order, advice received from either in-house or outside counsel relating to the cooperation clause and Dr. Bubenik's assertion of the Fifth Amendment, is protected by the attorney-client privilege, and is not part of the insurance claim file. Furthermore, the Bubenik Defendants have failed to show how the Plaintiff has waived the attorney-client privilege.

## III. CONCLUSION

The Court concludes that any documents or topics previously determined by this Court to be protected by the attorney-client privilege are still protected, and are not discoverable. Furthermore, the Court's prior opinion, stating that any documents created in relation to the Johnston case after the Plaintiff retained outside counsel, and which discuss coverage, are protected by the work-product doctrine. The Court finds no basis to alter this ruling. The Court also finds that any questions or documents relating the Jaudon case are discoverable, however, such discovery is properly limited by the attorney-client privilege. Lastly, the Court finds that any

discussions between Ms. Robertson and Plaintiff are protected by the attorney-client privilege; the Bubenik Defendants have failed to show any exception to, or waiver of, this privilege.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Protective Order [doc. #115] is **GRANTED**.  The Bubenik Defendants may not discover any information previously ordered protected by this Court.  The Bubenik Defendants will conduct discovery in accordance with this order.

Dated this 20th Day of May, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE