UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE MEDICAL PROTECTIVE COMPANY, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> JAMES E. BUBENIK, D.M.D., et al., ) <br> ) <br> Defendant(s). ) | Case No. 4:06CV01639 ERW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion in Limine to Exclude the "Meierant Email" [doc. #134], Plaintiff's Motion in Limine to Limit the Expert Witness Testimony of Kevin O'Malley [docs. #135], Defendants and Defendants/Counterclaim Plaintiffs' Motions in Limine to Limit Expert Witness Testimony of Kenneth Bean [doc. #137], Plaintiff's Motion to Strike Expert Report and Testimony of Patrick A Deem, Sr. [doc. #144], and Defendants' Motion to File Counterdesignations of Portions of Dr. Bubenik's Deposition [doc. #148].

**I. Meierant Email**

The Court previously ruled that the Meierant Email was admissible, as it was not protected by the work product doctrine. The Court ruled that any documents related to the *Jaudon* case were discoverable, as they were not created in anticipation of litigation, and therefore could not qualify as work product. However, the Court also ruled that any communications involving outside counsel Susan Ford Robertson, were protected by the attorney-client privilege. The e-mail at issue discusses the *Jaudon* case, but also contains references to advice given by Ms.

1

Robertson. In light of the Court's prior rulings, the Court now rules that those portions of the Meierant Email which contain the advice of Ms. Robertson should be redacted, however, the remainder of the e-mail is admissible.

**II. Expert Testimony of Kevin O'Malley and Kenneth Bean**

Both Parties seek to present expert testimony in the form of an attorney who practices in medical malpractice defense work, in order to address a number of topics at issue in this lawsuit, including the interpretation of the cooperation clause, the timeliness of Plaintiff's issuing a reservation of rights letter, and the prejudicial effect of Dr. Bubenik's assertion of the Fifth Amendment on Plaintiff.

Under Federal Rule of Evidence 702:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

The Parties both assert that the individuals they have named as experts in this case will assist the Court in determining whether the facts of the *Johnston* case were such that the Plaintiff was reasonable in issuing a reservation of rights letter based upon Dr. Bubenik's alleged failure to comply with the contract's cooperation clause, resulting in prejudice to the Plaintiff. The Court finds that both experts clearly have a long history of trying and participating in medical malpractice cases, such that they qualify as an expert on the issues to be decided by the Court. However, the Court further recognizes that not all testimony that can be presented by an expert will assist the Court in determining the conclusions of fact and law required to reach an ultimate decision on the claims. Therefore, the Court will allow the testimony, however, the Court

reserves the right to limit or exclude the testimony as it is presented during the bench trial on this matter.

**III. Expert Report and Testimony of Patrick A. Deem, Sr.**

The Court next considers the expert report and testimony of Patrick A Deem, Sr., who was retained by the Defendants as an expert in the insurance field. Plaintiff requests that the Court exclude Mr. Deem's testimony on the basis that Mr. Deem is not qualified to render an expert opinion and therefore his opinions are unreliable, and further argues that his opinions constitute impermissible legal opinions. Defendants dispute Plaintiff's assertions.

The Court reiterates the standard articulated in the federal rules of evidence:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. The Court, in determining the admissibility of expert testimony, must determine that the evidence is both reliable and relevant. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 580 (1993). "To satisfy the reliability requirement, the proponent of the expert testimony must show by a preponderance of the evidence that the expert is qualified to render the opinion and that the methodology underlying his conclusions is scientifically valid." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757-758 (8th Cir. 2006) (citing *Daubert*, 509 U.S. at 589-590).

The Court concludes that Mr. Deem's testimony is inadmissible as it fails to assist the Court, as the trier of fact, in entering a judgment. Mr. Deem testifies as to the meaning of certain terms within the liability contract based upon his understanding of Missouri Law, and citations to Black's law dictionary. However, as the Eighth Circuit has made clear, "expert testimony on

3

legal matters is not admissible." *Southern Pine Helicopters, Inc. v. Phoeniz Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003); *see also United States v. Klaphake*, 64 F.3d 435, 438-439 (8th Cir. 1995). Such testimony is not helpful to the Court as it involves Mr. Deem's legal conclusions regarding the facts of this case. As such testimony will not assist the Court, the Court rules that such testimony is inadmissible. Plaintiff's motion to exclude Mr. Deem's testimony is granted.

**IV. Counterdesignations of Portions of Dr. Bubenik's Deposition Testimony**

This Court previously ruled that the testimony of Dr. Bubenik would not be admitted in support of Plaintiff's declaratory judgment action, but that Dr. Bubenik was permitted to testify in support of Defendants' counterclaim. In accordance with this order, the Parties scheduled, and completed, the deposition of Dr. Bubenik. Plaintiff subsequently submitted their deposition designations for the trial of its declaratory judgment action, and included in those designations were portions of Dr. Bubenik's deposition testimony. Defendants, in response to Plaintiff's designations, now seek to designate portions of Dr. Bubenik's testimony for use at trial. During the hearing on the pending motion, the Plaintiff stated that it did not object to the counterdesignations, therefore, the Court will grant Defendants' request to file counterdesignations.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine to Exclude the "Meierant Email" [doc. #134] is **GRANTED in part** and **DENIED in part**. Defendants may submit a redacted copy of the Meierant Email, excluding those portions which discuss the legal advice of outside counsel Susan Ford Robertson.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine to Limit the Expert Witness Testimony of Kevin O'Malley [doc. #135] is **DENIED** at this time.

**IT IS FURTHER ORDERED** that Defendants and Defendants/Counterclaim Plaintiffs' Motion in Limine to Limit Expert Witness Testimony of Kenneth Bean [doc. #137] is **DENIED** at this time.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Expert Report and Testimony of Patrick A. Deem, Sr. [doc. #144] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to File Counterdesignations of Portions of Dr. Bubenik's Deposition [doc. #148] is **GRANTED**.

Dated this 28th Day of May, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE