UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE MEDICAL PROTECTIVE, COMPANY<br>    Plaintiff(s),<br><br>vs.<br><br>JAMES E. BUBENIK, DMD, et al.,<br><br>    Defendant(s). | Case No. 4:06CV01639 ERW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion for Judgment as a Matter of Law or Judgment on Partial Findings [doc. #162].

## I. PROCEDURAL HISTORY

Plaintiff, The Medical Protective Company, filed suit against Defendants James E. Bubenik, D.M.D. and James E. Bubenik, D.M.D., P.C. (collectively "Bubenik Defendants") for a declaratory judgment that the Bubenik Defendants materially breached the parties' professional liability contract. The present declaratory judgment action stemmed from a state court action in which the Bubenik Defendants were sued for malpractice by Joseph C. Johnston, individually and Mary Johnston through her guardian Joseph C. Johnston (collectively "Johnston Defendants"). A judgment was entered in favor of the Johnston Defendants in the underlying action, and against the Bubenik Defendants. The Johnston Defendants filed a motion to intervene in the action before this Court, which was granted on January 17, 2007. Both Parties filed motions for summary judgment, both of which were denied in this Court's February 12, 2008 order. The Court held a non-jury trial on Plaintiff's declaratory judgment action on May 29, 2008. The

1

Court denied Defendants' oral motion for judgment as a matter of law at the close of Plaintiffs' case and Defendants' oral motion for judgment as a matter of law at the close of all the evidence, with leave to file a written motion following trial. Defendants' filed a written motion for judgment as a matter of law or judgment on partial findings, which is now fully briefed and will be addressed by the Court.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 52:

> If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. The court may however, decline to render any judgment until the close of the evidence. A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a).

Fed. R. Civ. P. 52(c). "'If during a trial without a jury a party has been fully heard on an issue and the court finds against the party on that issue, the court may enter judgment as a matter of law against that party with respect to a claim . . . that cannot under the controlling law be maintained . . . without a favorable finding on that issue.'" *Williams v. Roper*, 29 F.3d 629, *1 (8th Cir. 1994) (*per curium*) (citing *Williams v. Mueller*, 13 F.3d 1214, 1215 (8th Cir. 1994) (alterations in original). The federal rules require that if a judgment is to be entered in a nonjury trial on partial findings, it must be "supported by findings of fact and conclusions of law . . . ." Fed. R. Civ. P. 52(c). Rule 52 further provides that "in an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1). Defendants request this Court to issue a judgment as a matter of law, or in the alternative a judgment on partial findings.

Unlike a jury trial, where the Court may conclude after the completion of the trial, that a party is entitled to judgment as a matter of law, after the completion of a nonjury trial the Court

2

must make specific findings of fact as well as conclusions of law. Fed. R. Civ. P. 52(a)(1). Therefore it is premature for the Court to address the substance of Defendants' pending motion. All of the evidence has been presented to the Court, and the Parties have submitted post trial briefs; it is therefore appropriate to make complete findings not partial findings on Plaintiff's declaratory judgment action. Finally, the Court notes that Defendants' affirmative defenses place the burden of proof on the Defendants, and therefore, a ruling on these defenses cannot be made without a full discussion of the facts. Partial findings at the close of Plaintiff's case could not provide a basis for Defendants' affirmative defenses.

It is inappropriate for the Court to address the substantive arguments in Defendants' motion as Rule 52 requires a full development of the factual record before conclusions of law may be made. The Court has been presented with all of the evidence, and therefore shall proceed with its ruling on the nonjury trial.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for judgment as a Matter of Law or Judgment on Partial Findings [doc. #162] is **DENIED**.

Dated this 8th Day of August, 2008.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE