UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE MEDICAL PROTECTIVE COMPANY, ) ) Plaintiff, ) ) vs. ) ) JAMES E. BUBENIK, D.M.D., et al., ) ) Defendants. ) | Case No. 4:06CV01639 ERW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on The Johnston Defendants' Motion for New Trial or, in the Alternative, to Alter or Amend the Memorandum and Order dated November 21, 2008 and Judgment Entered Thereon [doc. #181]; Plaintiff's Motion for Bill of Costs [doc. #182]; and Defendants/Counterclaim Plaintiffs' Motion to Dismiss Counterclaims Without Prejudice [doc. #184].

### I. MOTION FOR NEW TRIAL

Following this Court's November 21, 2008 Memorandum and Order, in which Plaintiff's requested declaratory relief was granted, Joseph Clinton Johnston, in his individual capacity and as legal guardian of Mary Johnston (collectively "the Johnston Defendants"), filed the pending Motion, requesting that this Court grant a new trial or, in the alternative, amend its decision. The Court has considered the Johnston Defendants' arguments in favor of granting a new trial or amending the judgment, finds them to be without merit, and denies the same.

## II. MOTION FOR BILL OF COSTS

This Court granted Plaintiff The Medical Protective Company's requested declaratory judgment relief and entered judgment in its favor on November 21, 2008. Plaintiff now seeks costs associated with this action. Specifically, Plaintiff seeks $350.00 for filing fees and $4,537.93 for court reporter fees. Defendants have not filed any objections to Plaintiff's request.

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Pursuant to 28 U.S.C. § 1920, costs may be taxed for:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Court may not award costs other than those authorized by § 1920 because this section "imposes rigid controls on cost-shifting in federal courts." *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (internal quotation omitted). Upon objection by the opposing party as to authorized costs, however, the Court may exercise its discretion to grant or deny costs. *Pershern v. Fiatallis North America, Inc.*, 834 F.2d 136, 140 (8th Cir. 1987).

The costs requested by Plaintiff clearly fall within the parameters of 28 U.S.C. § 1920. The $350.00 requested for filing fees is permitted under 28 U.S.C. § 1920(1). Additionally, the $4,537.93 requested for fees of the court reporter for all or any part of the transcript necessarily

obtained for use in the case was properly documented in the exhibits attached to Plaintiff's Motion and is permitted under 28 U.S.C. § 1920(2). Thus, the Court will direct the Clerk of Court to tax costs in favor of Plaintiff against Defendants in the amount of $4,887.93.

## III.    MOTION TO DISMISS

Finally, James E. Bubenik, D.M.D. and James E. Bubenik D.M.D., P.C. (collectively, "the Bubenik Defendants") filed a Motion to Dismiss, requesting that the Court dismiss without prejudice Count II of their Counterclaim, which had initially been bifurcated for trial. Count II alleged that Plaintiff breached its fiduciary duty to settle within the insurance policy limits. This Court's November 21, 2008 Memorandum and Order found that "Dr. Bubenik breached the cooperation clause in the insurance agreement he had with MPC and, as a result, MPC is not required to provide the Bubenik Defendants with insurance coverage." Because this Court found that Plaintiff was not required to provide insurance coverage, the Bubenik Defendants' claims that Plaintiff breached the duty to settle are moot and no longer viable. Thus, the Court will deny the Bubenik Defendants' Motion to Dismiss those claims without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that The Johnston Defendants' Motion for New Trial or, in the Alternative, to Alter or Amend the Memorandum and Order dated November 21, 2008 and Judgment Entered Thereon [doc. #181] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Bill of Costs [doc. #182] is **GRANTED**. The Clerk of Court shall tax costs in favor of Plaintiff against Defendants in the amount of $4,887.93.

**IT IS FURTHER ORDERED** that Defendants/Counterclaim Plaintiffs' Motion to Dismiss Counterclaims Without Prejudice [doc. #184] is **DENIED**.

Dated this 8th Day of May, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE